1
2
3 **UNITED STATES DISTRICT COURT**
4 **DISTRICT OF NEVADA**
5
6  SHARON REID,                               )
7                    Plaintiff,               )          Case No.  2:14-cv-02151-APG-CWH
8  vs.                                        )          **REPORT & RECOMMENDATION**
                                              )
9  PORTFOLIO RECOVERY ASSOCIATES,            )
10                   Defendant.               )
   _____)
11
12          This is a report and recommendation to the United States district judge assigned to this case
13 that Plaintiff Sharon Reid's complaint (ECF No. 1) be stricken and that this case be dismissed with
14 prejudice.
15 **I.      BACKGROUND**
16          The parties are familiar with the facts of this case, and the court will repeat them here only
17 as necessary for this report and recommendation.  This is an employment dispute in which Plaintiff
18 alleges race discrimination and retaliation claims against Defendant, her former employer.  (Compl.
19 (ECF No. 1).)  During discovery, the court granted Plaintiff's attorney's motion to withdraw and
20 required Plaintiff's attorney to serve Plaintiff with a copy of the court's order.  (Min. Order (ECF
21 No. 18).)   Plaintiff's attorney filed proof of that service.  (Certificate of Service (ECF No. 19).)
22          Approximately two months later, Defendant filed an emergency motion for a status
23 conference on the grounds that Plaintiff had not responded to discovery requests, was not
24 communicating with Defendant's attorney, and appeared to have abandoned the case.  (Def.'s
25 Emergency Mot. to Schedule Status Conf. (ECF No. 20).)  The court set a status hearing for
26 December 15, 2015, which Plaintiff did not attend.  (Min. Order (ECF No. 21); Mins. of
27 Proceedings (ECF No. 23).)  Given Plaintiff's failure to attend the status conference, the court
28 entered an order requiring Plaintiff to show cause in writing why she had failed to comply with the

court's previous order and requiring her to appear for a show cause hearing on January 12, 2016. (Order (ECF No. 25).)

Plaintiff appeared at the show cause hearing and represented to the court that she was not aware that her attorney had withdrawn, that she was not been receiving service of documents in the case, and that she learned about the show cause hearing by reviewing the court's docket on her own. At the hearing, the court set deadlines for Plaintiff to inform the court whether she would retain a new attorney, for Plaintiff to respond to outstanding discovery requests, and for the parties to meet and confer and to propose an amended discovery plan and scheduling order. (Mins. of Proceedings (ECF No. 29).) The court subsequently entered an amended scheduling order on February 11, 2016. (Order (ECF No. 32).)

As of April 11, 2016, it appeared that Plaintiff was participating in the case because the parties filed a joint interim status report. (Joint Interim Status Report (ECF No. 33).) However, Plaintiff failed to appear for her deposition on June 6, 2016, resulting in Defendant filing a motion to compel Plaintiff's deposition. (Def.'s Emergency Mot. to Compel Pl.'s Deposition (ECF No. 34).) The court ordered Plaintiff to respond to Defendant's motion to compel by June 27, 2016. (Order (ECF No. 37).) Additionally, the court set a hearing on the motion to compel. (*Id.*) Plaintiff failed to oppose the motion to compel her deposition or to attend the hearing on August 2, 2016. (*See* Mins. of Proceedings (ECF No. 39).) At the hearing, the court (1) granted the unopposed motion to compel Plaintiff's deposition, (2) ordered that Plaintiff would not be allowed to supplement any discovery or disclosures given that she failed to attend her deposition and that the discovery deadline has passed, (3) ordered Plaintiff to pay Defendant's attorney's fees and costs for having to bring the motion to compel.

Additionally, the court ordered Plaintiff to show cause in writing why she should not be sanctioned for failing to comply with the court's order (ECF No. 37) requiring her to respond to the motion to compel her deposition and to appear at the hearing on August 2, 2016. (Order (ECF No. 40).) The court further ordered Plaintiff to appear for a show cause hearing on August 16, 2016. (*Id.*) The court advised Plaintiff that her failure to file a show cause brief and/or to appear at the show cause hearing set for August 16, 2016, would result in a recommendation that her case be

1  dismissed. (*Id.*)  Plaintiff failed to attend the show cause hearing on August 16, 2016.  (Mins of

2  Proceedings (ECF No. 41).)  The court now recommends that her complaint be stricken and that

3  her case be dismissed based on her failure to participate in discovery and to comply with the court's

4  orders.

5  **II.   ANALYSIS**

6     The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just,

7  speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  The

8  rules provide several mechanisms that allow courts to accomplish this goal through the use of

9  sanctions against parties that fail to comply with court orders or that unnecessarily multiply

10  proceedings.  Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to

11  manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the

12  quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods.*

13  *Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).  Specifically, Rule 16(f) "puts teeth into these

14  objectives by permitting the judge to make such orders as are just for a party's failure to obey a

15  scheduling or pretrial order, including dismissal." *Id.*  Rule16(f) provides in relevant part that "[o]n

16  motion or on its own, the court may issue any just orders, including those authorized by Rule

17  37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial

18  order." Fed. R. Civ. P. 16(f)(1)(C).

19     Rule 37 governs discovery disputes, and like Rule 16, it provides for sanctions against a

20  party that fails to comply with discovery orders: "[i]f a party . . . fails to obey an order to provide or

21  permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is

22  pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).  Potential sanctions under Rule

23  37(b)(2)(A) include striking pleadings and dismissing an action. Fed. R. Civ. P. 37(b)(2)(A)(iii),

24  (v).  A court may impose the extreme sanction of dismissal if there has been "flagrant, bad faith

25  disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655-56 (9th Cir. 1990) (citing

26  *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)).  In determining whether

27  to impose the sanction of dismissal, a court must weigh:  "(1) the public's interest in expeditious

28  resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

party seeking sanctions; (4) public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions." *Wanderer*, 910 F.2d at 656 (quotation omitted).  The court has "great latitude" in fashioning sanctions under Rule 37.  *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985) (stating that the imposition of sanctions for failure to comply with discovery is reviewed under an abuse of discretion standard).

### A. Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes" is of utmost importance in the rule of law. *Phenylpropanolamine*, 460 F.3d at 1227.  "[D]elay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.*

Here, Plaintiff failed to appear for her deposition or to respond to Defendant's motion to compel her deposition.  Plaintiff failed to attend the motion hearing on August 2, 2016.  Plaintiff also failed to show cause in writing why she should not be sanctioned for failing to comply with the court's order requiring her to respond to the motion to compel and to appear at the hearing on August 2, 2016.  Finally, Plaintiff failed to appear for the show cause hearing on August 16, 2016.  Plaintiff's repeated failures to participate in discovery and to comply with the court's orders are inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action.  As such, this factor weighs in favor of dismissal sanctions.

### B. Management of the Court's Docket

A district court's inherent power to control its docket includes the ability to issue sanctions of dismissal. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir 1986).  The sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League*, 427 U.S. at 642 (1976).  Here, Plaintiff failed to appear for her deposition and to comply with various court orders.  Plaintiff's failures have made it impossible for this case to move forward and for the court to effectively manage its docket.  As such, this factor weighs in favor of dismissal sanctions.

/ / /

4

1  **C.      Prejudice to Defendant**

2      "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go

3  to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v.*

4  *Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990).  Plaintiff's failure to appear for her deposition and

5  her repeated failures to comply with this court's orders have not only made it impossible for this

6  case to move forward, but are prejudicial to Defendant, who is entitled to conduct discovery,

7  proceed to trial, and obtain a rightful decision in this case.  As such, this factor weighs in favor of

8  dismissal sanctions.

9  **D.      Disposition of Cases on Merits**

10      The public policy favoring disposition of cases on the merits weighs against dismissal of a

11  case. *Phenylpropanolamine*, 460 F.3d at 1228.  Nevertheless, "this factor lends little support to a

12  party whose responsibility it is to move a case toward disposition on the merits but whose conduct

13  impeded progress in that direction." *Id.* (quotation omitted).  Given that Plaintiff is responsible for

14  moving this case forward, her failure to do so has caused delay and thwarted progress.  As such,

15  this factor weighs in favor of dismissal sanctions.

16  **E.      Less Drastic Sanctions**

17      A court must consider the adequacy of less drastic sanctions before imposing dismissal

18  sanctions. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).  In determining whether

19  less drastic sanctions are appropriate, a court must consider: (1) are less drastic sanctions available

20  and, if so, why would they be inadequate; (2) were alternative sanctions employed before ordering

21  dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. *Id.* at

22  132.

23      Here, the court provided Plaintiff multiple opportunities to participate in discovery as is

24  required to move this case forward.  Regardless, Plaintiff failed to comply with the court's orders

25  on multiple occasions.  Plaintiff was specifically warned that failure to respond to the court's final

26  order to show cause may result in a recommendation to the district judge that this case be

27  dismissed.  Plaintiff's conduct makes it impossible for this case to proceed and there is no

28  indication Plaintiff will eventually comply with the court's discovery orders.  As such, this factor

weighs in favor of dismissal sanctions.

Given that all five factors all weigh in favor of dismissal, the court will recommend that Plaintiff's complaint be stricken and that Plaintiff's case be dismissed with prejudice as a sanction for Plaintiff's refusal to attend her deposition and to comply with the court's orders.

## III.   RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the court STRIKE Plaintiff Sharon Reid's complaint (ECF No. 1) and that this case be DISMISSED with prejudice.

## IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).


DATED: October 18, 2016.


_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

6